## Richmond

ALLEN LEE OWENS V. COMMONWEALTH OF VIRGINIA.

October 10, 1975.

Record No. 750074.

Present, All the Justices.

*Paul H. Miller, III*, for plaintiff in error.

*Linwood T. Wells, Jr.*, *Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Sitting without a jury, the trial court convicted Allen Lee Owens, an inmate of the Virginia State Farm, of secreting an unlawfully received drug or chemical compound in violation of Code § 53-291(6) (Repl. Vol. 1974) and sentenced him to three years additional imprisonment.

Virginia State Farm authorities discovered a quantity of capsules hidden in the cell of Harold Hall. At Hall's trial, Owens, who occupied a cell in the same cellblock, testified that he had hidden the capsules in Hall's cell. Based upon that testimony Hall was acquitted and Owens was charged with the offense. At Owens' trial, without objection, a transcript of this testimony was admitted as Commonwealth's Exhibit #1. The Commonwealth then produced the certificate of analysis admitted into evidence in Hall's trial. That certificate, duly attested as required by Code § 54-524.77 (Repl. Vol. 1974) by

a chemist of the Forensic Laboratory of the Division of Consolidated Laboratories, certified that the material in the capsules was "Diphenhydramine Hydrochloride, a Schedule VI controlled substance." Owens objected to admission of the certificate on the ground that it was hearsay evidence and that there was no statutory authority creating an exception to the hearsay rule. The trial court offered to grant the defendant a continuance so that the chemist could be called as a witness. Owens declined the offer and the trial court admitted the certificate.

On appeal, the Commonwealth concedes that the certificate of analysis constituted hearsay evidence; that Code § 54-524.77 "authorizes the introduction of a certificate only in a prosecution for a criminal offense under Chapter 15.1 of Title 54 . . . [and] is clearly inapplicable to prosecution of a Title 53 offense"; and that the trial court erred in admitting the certificate into evidence.

The Commonwealth argues, however, that "the granting to the defendant of a right to a continuance cured the error." We do not agree. The sole predicate for a continuance was the need to substitute direct prosecution testimony for inadmissible hearsay evidence bearing upon an essential element of the offense. Yet, the Commonwealth never moved for a continuance to meet the need but only offered to agree if the defendant chose to accept the trial court's tender of a continuance. The defendant did nothing to contribute to the need for a continuance and had nothing to gain thereby. He could not fairly be forced to make the choice between incompetent prosecution evidence on the one hand and a continuance for the benefit of the Commonwealth on the other.

The Commonwealth further contends that the error was harmless because, it says, the evidence *de hors* the certificate was sufficient to prove the offense charged. Exhibit #1 shows that Owens, describing what he called "the pills", said that "[t]hey was benzedryl [sic]". Nothing in the record, however, identifies "benzedryl" as a "drug or chemical compound" within the intendment of Code § 53-291(6)[1] or shows that "the pills" were "not lawfully received" by the defendant.

We hold that, absent the inadmissible certificate, the evidence was insufficient to prove the essential elements of the statutory offense. The judgment is reversed and the case is remanded for a new trial if the Commonwealth be so advised. 	*Reversed and remanded.*

---

[1] By amendment effective October 1, 1975, the words "drug or" are deleted from Code § 53-291(6). Ch. 588, Acts of Assembly 1975, at 1233.